PACE SPORTS, INC. and G. L. Pace

v.

DAVIS BROTHERS PUBLISHING CO., INC.

No. B–4693.

Supreme Court of Texas.

July 25, 1974.

Rehearing Denied Oct. 30, 1974.

Kemp & Prud'Homme, Elvis G. Schulze, Austin, for petitioner.

Charles L. Cantrell, Waco, for respondent.

PER CURIAM.

This is a suit by Davis Brothers Publishing Co., Inc., against Pace Sports, Inc., and G. L. Pace, individually, for a debt of $4,227.82 remaining unpaid for publishing services rendered. The defendants, being duly served, filed no answer and made no appearance. The trial court entered a default judgment for plaintiff for $4,227.82 plus interest of $348.61 and attorneys' fees of $1,510.22. The defendants appealed by writ of error to the Court of Civil Appeals within six months of final judgment under the provisions of Article 2255, Vernon's Ann.Civ.St. The Court of Civil Appeals affirmed. 508 S.W.2d 493. Defendants then applied for writ of error to this Court. It is refused, no reversible error.

Our action is not to be interpreted as approving that portion of the opinion of the Court of Civil Appeals stating that the parties appealing by way of writ of error to the Court of Civil Appeals under Article 2255, V.A.C.S., must show that they were not negligent in suffering default judgment to be rendered against them or that they have a meritorious defense to the plaintiff's action which they were prevented from making by fraud, accident or wrongful act of the opposite party. This Court, in McEven v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961), held that a party appealing to the Court of Civil Appeals by writ of error within six months of final judgment may obtain relief if the invalidity of the judgment is disclosed by the

papers on file in the case. Requirements pertaining to relief sought by bill of review are not applicable to applicants for writ of error under Article 2255, V.A.C.S.