INTERNATIONAL INSURANCE COMPANY, Appellant,

v.

BURNETT AND AHDERS, ASSOCIATED, Appellee.

No. 6947.

Court of Civil Appeals of Texas, El Paso.

June 4, 1980.

Rehearing Denied July 2, 1980.

**200** 

Carl Steckelberg, Midland, for appellant.

Burnett & Ahders, Associated, Ruff Ahders, Norma Venso, Warren Burnett, Odessa, for appellee.

## OPINION

OSBORN, Justice.

Our original opinion in this case is withdrawn and the following is the opinion of the Court.

Geneva Renick, while in the course of her employment, was injured in a rear-end vehicle collision. She retained Burnett and Ahders to represent her. The third party suit was filed against Permian Concrete Company and the driver of its vehicle on February 23, 1978. A worker's compensation case was filed on June 29, 1978. In December, 1978, the compensation case was settled. In March, 1979, International Insurance Company, the compensation carrier, retained an attorney and filed a plea in intervention in the third party case. In August, 1979, the third party case was settled with $30,000.00 being paid to Mrs. Renick and $14,000.00 to International. At that time, Mr. Ahders filed a motion in the third party case seeking to have the Court award him one-third of the amount recovered by International. An order was entered granting such recovery.

At the hearing on the motion, the evidence established that the carrier for Permian considered the case one of liability and the only real issue was the amount of damages. Counsel for International reviewed the compensation carrier's file and filed the plea in intervention. At the time the intervention was filed, the deposition of Mrs. Renick had already been taken. Counsel for the carrier did conduct negotiations with the attorney for Permian as to the settlement made on the intervention. These negotiations resulted in International Insurance Company being paid $14,000.00 in settlement of its intervention for $14,265.85. He did not assist Mrs. Renick's attorneys in any trial preparation or settlement negotiations concerning her interest.

In the order awarding attorney's fees, the trial Court found "that International Insurance Company was not actively involved or not actively represented by an attorney * * *."

Article 8307, section 6a, Tex.Rev.Civ.Stat. Ann., as amended in 1973, may serve as a model of confusing legislation. It retains the carrier's right to enforce in the name of the injured employee, or his legal beneficiaries, the liability of a third party. Then, the statute provides:

> However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓%) payable out of the association's part of the recovery. In any case where the claimant's attorney is also representing the subrogated association, a full written disclosure must be made to the claimant, prior to actual employment by the association as an attorney, and acknowledged by the claimant, and a signed copy of the same furnished to all concerned parties and made a part of the file in the Industrial Accident Board. A copy

of the disclosure with authorization and consent, shall also be filed with the claimant's pleadings prior to any judgment entered and approved by the court. Unless the claimant's attorney complies with all of the requirements as prescribed in this section, the attorney shall not be entitled to receive any of the fees prescribed in this section to which he would be entitled pursuant to an agreement with the association.

If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33⅓%) of the subrogated interest.

We accept the Appellee's contention that the statute purports to establish three separate conditions under which an attorney for a claimant may recover attorney's fees out of the sum awarded to the intervenor. These conditions are:

(1) Where the intervenor is represented by counsel, but he does not actively represent the intervenor,

(2) Where the claimant's attorney represents both the claimant and the intervenor, and

(3) Where the intervenor is represented by an attorney who actively represents the intervenor's interest.

The fees to be recovered in each of the three different situations have been specified. In the first situation, the fee may be up to one-third of the amount recovered by the intervenor. In the second situation, the fee shall be an amount agreed upon between counsel and the intervenor. In the third situation, the fee shall not exceed one-third of the intervenor's recovery and shall be apportioned between counsel for the intervenor and counsel for the claimant.

Clearly, the last quoted paragraph deals with a situation where the intervenor has an attorney to actively represent its interest. Under the Court's express finding, this paragraph has no application in this case unless that finding be erroneous.

Although the first quoted paragraph must necessarily deal with the other two situations, it does so in a rather vague manner, not clearly specifying separate situations in those cases where the claimant's attorney represents both the claimant and the intervenor, and those where the intervenor has its own attorney. The real issue is whether claimant's attorney must make a full disclosure and obtain approval of his client in only one or in both situations in order to recover a fee out of the intervenor's recovery. Because of the last sentence of the paragraph, we conclude the full disclosure statement is required only where the fees recovered by the claimant's attorney are those recovered "pursuant to an agreement with the association." In this case, the fee recovered was by an allowance and order from the Court and not "an agreement with the association," and therefore the full written disclosure was not required. Point of Error No. 2 asserting that such disclosure statement was required is overruled.

Point of Error No. 1 asserts the trial Court erred in ruling that the attorney for the intervenor did not actively participate in this case, within the meaning of Article 8307, section 6a, Tex.Rev.Civ.Stat.Ann. This point alone does not reflect whether it is a "no evidence," "insufficient evidence" or "great weight" point of error. In adopting a liberal rule with reference to the construction of points of error, the Supreme Court has directed that we "pass on the merits of a point of error in the light of the statement and argument thereunder." *O'Neill v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976).

When we follow that mandate, it is clear that the Appellee is presenting all of the evidence and asserting that there is insufficient evidence to support the trial Court's finding. We agree with that contention. Counsel for International Insurance Compa-

ny (1) reviewed the compensation file furnished to him, (2) filed a plea in intervention in the third party suit, (3) sought a stipulation as to the amount of the subrogation, and (4) negotiated a settlement with the third party defendant's attorney which resulted in a payment of $14,000.00 to International Insurance Company. Based upon these undisputed facts, we hold that there is insufficient evidence to support the trial Court's finding that counsel for International Insurance Company did not actively participate in the case. *Lee v. Westchester Fire Insurance Company,* 534 S.W.2d 392 (Tex.Civ.App.—Amarillo 1976, no writ). Point of Error No. 1 is sustained.

The judgment of the trial Court is reversed, and the case is remanded to that Court.