**In the Matter of the Marriage of Irma Garza BARRERA, Appellant,**

**v.**

**Mario BARRERA and in the Interest of Mario Ray Barrera, A Minor Child, Appellee.**

**No. 13–83–416–CV.**

Court of Appeals of Texas, Corpus Christi.

March 8, 1984.

Rehearing Denied April 12, 1984.

Christopher E. Matt, Keas, O'Reilly & Matt, Corpus Christi, for appellant.

Terry Baiamonte, Scott T. Cook, Harris, Cook & Browning, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal by writ of error from an order modifying the managing and possessory conservator of a child. We affirm.

On October 9, 1979, appellant and appellee were granted a divorce. Pursuant to the divorce decree, appellant was named managing conservator of the couple's only child, Mario Barrera. Appellee was named possessory conservator of said child. On January 4, 1983, a motion to modify the divorce decree was filed by appellee, wherein he sought to be named managing conservator of the child. On January 7, 1983, appellant was served with a precept to serve, consisting of a certified copy of appellee's motion to modify and a notice of setting. The notice of setting provided that the motion was to be heard at 8:30 a.m. on April 14, 1983. The record reflects that on April 14, 1983, appellee requested that the hearing be reset to 11:00 a.m. on May 6, 1983. The record also reflects that

appellant did not appear in person or by counsel at the hearing scheduled for April 14, 1983, nor was she provided with any notice that the hearing was rescheduled until May 6, 1983. At the May 6th hearing, appellant again did not appear, and after hearing testimony, the trial court granted appellee's motion. Appellant does not assert why her appeal is proper by writ of error, but addresses only the issue that the trial court improperly granted appellee's motion.

■ In order for appellants to proceed by writ of error, they must show: (1) the petition for writ of error was filed within six months after the final judgment was rendered, TEX.REV.CIV.STAT.ANN. art. 2255 (Vernon 1971); (2) that the party seeking to appeal by writ of error did not participate in the actual trial of the case in the trial court, TEX.REV.CIV.STAT.ANN. art. 2249a (Vernon Supp.1984); and (3) that the invalidity of the judgment appears on the face of the record. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961).

■ The record clearly shows that appellant has met the first two requirements for appeal by writ of error, since her petition for writ of error was filed within six months of the date the order was signed, and it is undisputed that she did not participate in any manner in any of the proceedings involving the granting of the motion. The determinative issue is therefore whether or not the invalidity of the judgment appears from the face of the record. This error must be disclosed by the papers filed in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.,* 514 S.W.2d 247 (Tex.1974).

In her first point of error, appellant alleges that error appears on the face of the record in that the record fails to show that appellant was properly served with citation and notified of the hearing date. It is appellant's position that TEX.FAM.CODE ANN. § 11:09 (Vernon Supp.1984) required that she be served with *citation* on the filing of the petition in a suit affecting the parent-child relationship. Section 11.09 provides:

"(a) [E]xcept as provided in Subsection (b) of this section, the following persons are entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship: (1) the managing conservator, if any ..."

Appellant argues that having been served with a precept of service was insufficient and that she was entitled to full citation as required by TEX.R.CIV.P. 101.

■ The provisions of TEX.FAM.CODE ANN. § 14.08 (Vernon Supp.1984) control the facts of this case. Under § 14.08(b), any order or portion of a decree that provides for the appointment of a conservator may be modified by the filing of a motion in the court having jurisdiction with thirty (30) days notice of said motion being provided to every party whose right, privileges, duties or powers are affected by the motion. Citation is not necessary upon the filing of such a motion. The only requirement is a showing that the proper party had at least thirty (30) days notice of the hearing on the motion. *See Vick v. Vick,* 626 S.W.2d 569 (Tex.App.—Tyler 1981, no writ). The record clearly established that appellant had more than thirty (30) days notice of the April 14th hearing.

The next question presented is whether or not appellant was entitled to additional notice of the resetting of the hearing for May 6, 1983.

■ As a general rule, where there is no statute or rule to the contrary, parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the trial court's docket. *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974). *See Plata v. Guzman,* 571 S.W.2d 408 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Appellant was properly notified of the April 14th hearing. For whatever reason, she chose not to attend that hearing and apprise herself of the continuing status of the case. Nor does the record reflect that appellant made any effort to

obtain information concerning any setting date in this cause. The trial court was not required to provide appellant with further notice of subsequent hearings in the cause. Appellant's first point of error is overruled.

In her second point of error, it is appellant's contention that there was no evidence or insufficient evidence to support the trial court's finding of a substantial change of circumstances justifying the change in the managing conservatorship of the child. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

 It is appellant's argument that the *only* evidence adduced at the hearing concerning a change in circumstances of the child was hearsay evidence relating to conversations had by appellee and his wife with teachers and administrators at the child's school. While the evidence which appellant points out was hearsay and of no probative value,[1] we find sufficient probative evidence in the testimony of appellee and his wife concerning the changed circumstances of the child without regard to the aforementioned hearsay evidence, which would support the trial court's judgment. There is sufficient evidence in the record to show that it is in the best interest of the child that the managing conservator be changed to appellee. TEX.FAM.CODE ANN. § 14.07 (Vernon Supp.1984). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

---

1. Appellee has cited this Court to Rule 802 of the new Texas Rules of Evidence wherein unobjected to hearsay evidence may be considered for its probative value. We note that these Rules of Evidence were effective September 1, 1983, and the hearing in this cause was conducted on May 6, 1983, under the then existing Rules of Evidence which did not give hearsay any probative value.