**Patrick V. BUSCHER, Appellant,**

v.

**BULLDOG STEEL PRODUCTS and Bobby G. Bryant, Appellees.**

No. 11–84–193–CV.

Court of Appeals of Texas, Eastland.

Nov. 29, 1984.

Rehearing Denied Dec. 20, 1984.

Sam J. Chase and Dick R. Crownover, Law Offices of Sam J. Chase, Abilene, for appellant.

Ernest Reynolds III, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, David G. Stubbeman and Thomas M. Wheeler, Wagstaff, Harrell, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellees.

RALEIGH BROWN, Justice.

This is a third party action. Buscher appeals the denial of an award of attorney's fees. We reverse and remand.

Buscher was injured while in the course of his employment and settled his worker's compensation claim with his employer's insurance carrier, Texas General Indemnity (TGI). Settlement was had for $49,000, with $35,000 being paid to Buscher in a lump sum. Buscher's attorney, Sam Chase, received as his statutory fee, twenty-five percent of the lump sum payment. Buscher, represented by Chase, and TGI, represented by separate counsel, joined as plaintiffs against Bulldog Steel and Bobby Bryant seeking recovery for Buscher's common-law damages and for a subrogation recovery of the money paid out by TGI to Buscher under the compensation claim. The case was settled for $100,000. TGI recouped its $49,000, and Buscher was awarded $51,000. Chase received a one-third contingency fee from the $51,000. Chase then moved the court to award him a percentage of the $49,000. The court denied the motion. Judgment was entered accordingly. Chase appeals that ruling.

TEX.REV.CIV.STAT.ANN. art. 8307, sec. 6a (Vernon Supp.1984) specifies the award of attorney's fees in the event of a subrogation recovery from third persons for injuries for which compensation was paid. The statute differentiates between the situation when the association's interest is not actively represented by its own attorney and when the association obtains an attorney to actively represent its interest and to actively participate in obtaining a recovery. It is this later situation which applies in the instant case. The statute provides:

\*     \*     \*     \*     \*     \*

(W)hen the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓%) payable out of the association's part of the recovery.

\*   \*   \*   \*   \*   \*

If the association [TGI] obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court *shall award and apportion* an attorney's fee allowable out of the association's subrogation recovery between such attorneys *taking into account the benefit accruing to the association as a result of each attorney's service....* (Emphasis ours)

Chase's sole point of error asserts that the trial court abused its discretion in refusing to award him a portion of the subrogation recovery pursuant to this statute. Chase argues that the trial court erred in finding that his services as an attorney did not benefit the association.

The record establishes that a $100,000 settlement offer was actually made prior to the filing of this lawsuit. While this is the offer which was eventually accepted, and upon which TGI obtained its benefits, TGI was not able to complete the settlement until Attorney Chase had sufficiently developed the facts to satisfy himself and his client that the settlement was in the client's best interest. That work was of benefit to TGI because it made the settlement possible and permitted its subrogation recovery. The evidence shows that the attorney for TGI actively participated in the development of the case. There is no dispute that said attorney was solely responsible for protecting the subrogated interest of TGI.

He prepared the original draft of the petition, prepared and filed requests for admissions, participated in the taking of depositions, obtained information in answering interrogatories and had numerous conferences with Buscher and Chase.

However, the record also establishes that Chase spent in excess of 90 hours in investigating the law and the facts relating to the prosecution of the third party tort action. He took depositions, questioned witnesses, examined pleadings and negotiated a settlement. Under the evidence, the trial court recognized that Chase "was the head counsel in the third party negotiation" and "worked very diligently on this case." Three attorneys, experienced in the handling of this type lawsuit, testified that Chase's efforts were of benefit to TGI. We hold that the evidence conclusively established that Chase's service did benefit TGI to some extent and that the finding of no benefit was error. Therefore, since the statute provides that the court shall award and apportion attorney's fees, taking into account the benefit accruing to the association, the trial court abused its discretion in not awarding some portion of the statutory attorney's fees to Chase. *Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

The judgment is reversed, and the cause is remanded for an appropriate apportionment of attorney's fees.