## UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,

v.

## Billy A. DEAN, Appellee.

### No. 12–83–0233–CV.

Court of Appeals of Texas, Tyler.

Sept. 5, 1985.

Stephen Patterson, Longview, for appellant.

Ed Merritt, Longview, for appellee.

PER CURIAM.

This is an appeal from an order of the trial court awarding attorney's fees to Edward L. Merritt ("Merritt").

Billy A. Dean was injured in an automobile accident while in the course of his employment with Jost Construction Company. Dean filed a claim to recover workers' compensation benefits, appellant being the carrier for Jost. That claim was settled for $3,136.97. Dean thereafter retained Merritt to represent him in an action against the third party tortfeasor; that case was also settled, for the sum of $9,000.00. Merritt filed a motion for attorney's fees and was awarded 33⅓% of appellant's subrogation claim by the trial court. Appellant was not represented by an attorney in the third party action; however, subsequent to the award of attorney's fees, appellant filed a plea in intervention incorporating Dean's original petition, a motion to reinstate the cause, and a motion to set aside attorney's fees. The motion to reinstate was granted, but the motion to set aside attorney's fees was denied.

Appellant attacks the award of attorney's fees in a single point of error. In support of its position, appellant contends that TEX.REV.CIV.STAT.ANN. art 8307, § 6a (Vernon's Supp.1985) allows recovery

**472**

of attorney's fees only in the following situations:

(1) where the intervenor is represented by counsel but he does not actively represent the intervenor;

(2) where the claimant's attorney represents both the claimant and the intervenor; and

(3) where the intervenor is represented by an attorney who actively represents the intervenor's interest.

See *International Insurance Co. v. Burnett & Ahders*, 601 S.W.2d 199 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.).

Appellant maintains that since it was not notified of the third party action and was not represented by either Merritt or its own attorney, Merritt is not eligible for attorney's fees under § 6a. We disagree and adopt the reasoning in *Metropolitan Transit Authority v. Plessner*, 682 S.W.2d 650 (Tex.App.—Houston [1st Dist.] 1984, no writ), in which the court, faced with a fact situation similar to the one now before us, held that *International Insurance Co., supra,* and other cases which enumerated three possible scenarios in which attorney's fees could be recovered, did not intend to limit the applicability of § 6a to those circumstances only.

Section 6a reads in pertinent part:

"However, *when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney,* the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third percent (33⅓%) payable out of the association's part of the recovery."

(Emphasis added.) Dean was represented by Merritt in the third party action, and appellant's interest was not actively represented; therefore, under the above-cited provision, Merritt is clearly entitled to attorney's fees in the amount granted.

We deny Merritt's request that a penalty be assessed against appellant under TEX. R.CIV.P. 435 and 438 for prosecuting a frivolous appeal for delay only.

The judgment of the trial court is affirmed.