The LIQUIDATION DIVISION OF the BOARD OF INSURANCE OF the STATE OF TEXAS (James Odiorne) As Receiver of United General Insurance Company, Appellant,

v.

W. James KRONZER, Appellee.

No. B14–87–077–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1987.

Arthur M. Glover, Jr., Jack McKinley, Houston, for appellant.

Nick C. Nichols, Grant Kaiser, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant United General Insurance Co. (United), a worker's compensation carrier and intervenor below, appeals through its Receiver from a judgment in which it failed to recover attorney's fees pursuant to Tex. Rev.Civ.Stat.Ann. art. 8307 § 6a (Vernon Supp.1987). That statute governs award of attorney's fees out of an insurance carrier's subrogated interest in a claimant's recovery against third party defendants. In two points of error United argues that the lower court abused its discretion by awarding attorney's fees solely to appellee Kronzer without apportioning a share to United. We affirm the judgment of the trial court.

Kronzer represented Marvin A. Zocher, one of two seriously injured workers who pursued consolidated claims against third party defendants following an oil well accident. United, the workers' compensation carrier, intervened to recover benefits it paid both claimants pending outcome of the third party actions. Zocher settled his third party case for $750,000.00. United and Kronzer were before the court solely to determine attorney's fees out of United's subrogated interest, or $56,735.04, the total benefits it paid claimant Zocher. The trial court ordered the maximum permissible under the statute, one-third of United's subrogated interest, to be awarded Kronzer as attorney's fees after determining that United's recovering its paid benefits was due entirely to Kronzer's work.

The Texas Workers' Compensation Act provides for award of attorney's fees when an association obtains a subrogated recovery from a third party. Tex.Rev.Civ.Stat. Ann. art. 8307, § 6a (Vernon Supp.1987). Section 6a reads in pertinent part:

(a) ... However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓%) payable out of the association's part of the recovery.

\*      \*      \*      \*      \*      \*

(b) If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys *taking into account the benefit accruing to the association as a result of each attorney's service*, the aggregate of such fees not to exceed thirty-three and one third per cent (33⅓%) of the subrogated interest.... (emphasis added).

We hold that because United and claimant Zocher each employed counsel to represent its respective interest in the third party case, and because the court based its decision on the benefit accruing to United, subsection (b) of Tex.Rev.Civ.Stat.Ann. art. 8307 § 6a determines United's and Kronzer's rights to the disputed fee award.

In its first point of error United argues that it actively represented its own interest and actively participated in obtaining the third party recovery, substantially complied with Kronzer's requests and offered more help, but was frustrated by Kronzer's failures to request help. United urges that its participation in addition to this court's decision in *University of Texas System v. Melchor*, 696 S.W.2d 406 (Tex.App.—Houston [14th Dist.] 1985, no writ), required the trial court to apportion it a share of the attorney's fee recovery. We conclude that United has raised, at least in part, a chal-

lenge to the sufficiency of the evidence to support the trial court's finding that Kronzer's work alone resulted in the favorable settlement which inured to United's benefit. *See* Tex.R.App.P. 74(p); *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986).

■ As a preliminary matter, United misinterprets this court's holding in *Melchor* in which we reluctantly found no abuse of discretion in a trial court's apportioning a carrier's attorney only 15% of the amount allocated to the claimant's attorney. We recently clarified our holding in *Melchor* and found no abuse of discretion in a trial court's awarding attorney's fees entirely to a claimant's attorney in *Vanguard Insurance Co. v. Humphrey,* 729 S.W.2d 344 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In *Humphrey* we stated that *Melchor* does not require a trial court to apportion a fee award but merely suggests the factors governing apportionment where apportionment is proper. Second, with respect to article 8307 § 6a(b), active participation or representation will not necessarily require apportionment. Subsection (b) appears to require a court to award and apportion attorney's fees between the carrier's and claimant's attorneys when the carrier's attorney is "active". However, according to the statute, a threshold test will be the court's assessment of the respective contributions of each attorney in relation to the total benefit accruing to the insurance carrier. *Humphrey,* 729 S.W.2d at 347; *Melchor* 696 S.W.2d at 407–08; *Hartford Insurance Co. v. Branton & Mendelsohn, Inc.,* 670 S.W.2d 699, 704 (Tex.App.—San Antonio 1984, no writ). That assessment requires a case-by-case determination, to which the abuse of discretion standard applies. *Humphrey,* 729 S.W.2d at 347–48; *Melchor* 696 S.W.2d at 407–09.

■ When the lower court made its threshold assessment of each attorney's relative contribution it determined that United's benefit, recovery of its lien for payments made, was due entirely to Kronzer's efforts. We cannot say that the trial court abused its discretion in making this determination. The $750,000.00 recovery satisfied United's $56,735.04 lien for paid benefits in full. Full satisfaction of the carrier's lien has been recognized as a valid criteria for a court's awarding attorney's fees to a claimant's attorney only. *See, e.g., Branton & Mendelsohn, Inc.,* 670 S.W.2d at 704 (finding no abuse of discretion). Moreover, the record before us sufficiently supports the conclusion that the settlement was due to Kronzer alone. He testified to extensive correspondence, inter-office legal memoranda, numerous interrogatories and requests for admissions, twenty-six pleadings and about six hundred pages of deposition testimony. We conclude that the trial court relied on correct principles in finding that Kronzer's efforts alone resulted in the successful settlement; consequently we find no abuse of discretion. Furthermore, sufficient evidence supports the court's decision. *Humphrey,* 729 S.W.2d at 347–48; *Branton & Mendelsohn,* 670 S.W.2d at 702.

While we might have decided the case differently and given more effect to United's counsel's participation, which included *inter alia,* filing its plea in intervention and some questioning at depositions attended, as well as its willingness to participate more fully, we cannot say that United's participation was so active that we must set aside the lower court's attributing the success of the third party suit entirely to Kronzer. Since some evidence supports that finding we cannot set it aside. *Compare International Ins. Co. v. Burnett & Adhers Associated,* 601 S.W.2d 199, 201–02 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) (insurance carrier's sought stipulation concerning subrogation interest *and* negotiated a settlement with third party defendant). When an insurance carrier's counsel seeks to participate fully but is faced with lack of requests to participate, he may well elect to avoid court determination of his fee request by settling with the claimant's attorney as provided by Tex.Rev. Civ.Stat.Ann. art. 8307 § 6a(a). *See Branton & Mendelsohn,* 670 S.W.2d 701. This may prove the wisest course of action. United's first point of error is overruled.

■ In its second point of error United argues that the lower court abused its dis-

cretion because it apportioned twenty-five per cent out of the one-third interest awarded as attorney's fees to claimant's counsel Conner in the companion consolidated third party case brought by injured worker Smith. United argues that the cases are identical and consequently, the attorney's fee award should be the same. As we indicated in our discussion of United's first point of error, assessment of the respective contributions of each attorney to the total benefit accruing to the carrier requires case-by-case analysis. *Humphrey*, 729 S.W.2d at 347; *Melchor*, 696 S.W.2d at 407–08. Based on the record we find at least one distinction, in addition to the obviously different settlement amounts, in the work United's counsel contributed in the Smith and Zocher cases. United's attorney transported an important witness to attorney Conner's office for conference and deposition in the Smith case. United suggests that the deposition was helpful to the Zocher case. That argument, however, does not provide sufficient basis for us to find that the trial court abused its discretion in determining that the total benefit to United was due to Kronzer's work. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.