**JOHNSTON INVESTMENTS, INC., d/b/a Oak Manor Apartments, Appellant,**

v.

**Beverly CHRISTIANSEN, Appellee.**

No. 06–96–00108–CV.

Court of Appeals of Texas, Texarkana.

Argued May 22, 1997.

Decided June 4, 1997.

Opinion On Rehearing July 1, 1997.

Rehearing Overruled July 1, 1997.

Gregory P. Grajczyk, Harbour, Boyland, Smith, Harris, Longview, for appellant.

Richard P. Hogan, Jr., Holman Hogan Du-Bose Townsend, Houston, Jack B. Baldwin, Baldwin & Baldwin, Marshall, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Johnston Investments, Inc., d/b/a Oak Manor Apartments ("Johnston") appeals from a judgment awarding $197,861.34 to Beverly Christiansen ("Christiansen") for damages incurred in an automobile accident. Trial was to a jury, which found Rodney Crosby ("Crosby"), an employee of Johnston, responsible for the accident. Johnston admitted that Crosby was acting within the course and scope of his employment when the accident occurred, but contends that the trial court erred by failing to effect a release of claims. We overrule Johnston's contention and affirm the trial court's judgment.

On September 14, 1994, Christiansen sued Crosby and Johnston, seeking damages for injuries incurred in the automobile accident. Christiansen claimed that the accident was caused by Crosby's negligence and that Crosby was acting within the course and scope of his employment. On July 29, 1996, Christiansen released all claims against Crosby. The release stated, in part:

> [W]e, **BEVERLY CHRISTIANSEN and MICHAEL CHRISTANSEN** (sic), in consideration of the sum of **EIGHTEEN THOUSAND SIX HUNDRED FORTY NINE AND 10/100 DOLLARS ($18,-649.10)** paid to us and our attorney Jack Baldwin, on behalf of **RODNEY CROSBY**, in addition to the sum of **ONE THOUSAND THREE HUNDRED SIXTY FOUR DOLLARS AND 90/100 DOLLARS ($1,364.90)** previously advanced by way of payment to Marshall Memorial Hospital on or about February 8, 1994, the receipt of which amount being hereby acknowledged and confessed, **do hereby release, discharge and forever acquit RODNEY CROSBY** and his insurance carrier, **OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY, LOUIS A. WILLIAMS & ASSOCIATES, INC., and JACK SANDERS, JR.,** and all other persons, firms or corporations, or their agents, servants or employees, in privity with the above, from all claims, demands, causes of action, damages, expense or loss of every kind and character, on account of or in anywise growing out of any and all known and unknown personal injuries resulting to or to result from the accident. . . .
>
> . . . .
>
> **BEVERLY CHRISTIANSEN and MICHAEL CHRISTIANSEN,** further covenant for themself (sic), their heirs and assigns, to indemnify and hold harmless the parties herein released from any further claim, demand, cost, loss of service, compensation or expense of any kind and character, including attorney's fees, whether herein mentioned or not, growing out of and resulting or to result from the above accident or its results.

On August 30, 1996, Johnston filed its first amended original answer, conceding that Crosby was acting within the course and scope of employment at the time of the accident, but arguing that the case should be dismissed because of the release. Johnston made two arguments in support of its position. First, Johnston argued that it was protected by the release because it was "in privity" with Crosby. Second, Johnston made a "circular indemnity" argument. Johnston asserted that because its liability was solely derivative, it would be entitled to be indemnified by Crosby in the case of a judgment. Additionally, the release indemnified Crosby against a recovery by Johnston. Johnston argued that because Christiansen indemnified Crosby and Crosby indemnified Johnston, then Christiansen in effect indemnified Johnston. Johnston argued that this "circular indemnity" eliminated Christiansen's cause of action.

On September 5, 1995, the trial court dismissed Crosby from the case. The case proceeded to trial. In the middle of trial, Johnston introduced the release to the judge. The judge encouraged the parties to delay taking up the issue until the end of trial. After all of the evidence was received, the

court denied Johnston's motion for directed verdict. We do not have a copy of the motion for directed verdict, but the parties discussed the release issue in connection with the motion for directed verdict. After a verdict in favor of Christiansen, Johnston filed a motion for judgment non obstante veredicto. In the motion, Johnston made the same two arguments for nonliability that it made in its first amended original answer. Additionally, Johnston made a third argument, claiming that a release of a party necessarily releases any third parties whose liability is solely derivative.

The trial court denied the motion for judgment non obstante veredicto. A final judgment was entered on October 28, 1996. From the jury's $181,947.08 damages finding, the court subtracted a $20,000.00 credit for Crosby's settlement, then awarded $35,914.26 prejudgment interest, for a total judgment equaling $197,861.34.

Johnston's four points of error address the three arguments made in the first amended original answer and motion for judgment non obstante veredicto.

■ Johnston first argues that a release of a party necessarily releases all derivatively liable parties. However, the release of an employee does not release an employer, even if the employer's liability is based wholly upon *respondeat superior. Knutson v. Morton Foods, Inc.,* 603 S.W.2d 805, 806–07 (Tex. 1980).

■ Johnston next notes that the release purports to apply to "all other persons, firms or corporations, or their agents, servants or employees, in privity with" Crosby and various entities. Johnston argues that it was "in privity" with Crosby. However, "the mere naming of a general class of tortfeasors in a release does not discharge the liability of each member of that class. A tortfeasor can claim the protection of a release only if the release refers to him by name or with such descriptive particularity that his identity or his connection with the tortious event is not in doubt." *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 419–20 (Tex.1984). For example, a document releasing "[an employer], their [*sic*] officers, agents, servants, employ-

ees, privies, successors, insurers, related concerns, and assigns" does not release that employer's insurer, if the insurer is not more specifically named. *Illinois Nat'l Ins. Co. v. Perez,* 794 S.W.2d 373, 376 (Tex.App.-Corpus Christi 1990, writ denied). Because Johnston was not specifically named in the release, this point of error is overruled.

■ Christiansen identifies several problems with Johnston's "circular indemnity" argument. She notes that the indemnity provision of the release is not operative because it is not conspicuous or clear and express. *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993). Christiansen also claims that Johnston waived this claim because (1) Johnston did not secure a finding that it lacked independent negligence or that it is entitled to indemnity from Crosby; (2) Johnston did not seek a ruling on possible indemnity before Crosby was dismissed; and (3) Johnston accepted an offset for Crosby's settlement. Because the circular indemnity argument was presented to the trial court, we do not conclude that it was waived. Finally, Christiansen argues that the circular indemnity argument violates public policy by discouraging settlement.

Christiansen's points do not address the fundamental question: does "circularity" operate to extinguish a cause of action? The answer is no. In *Knutson,* 603 S.W.2d at 806–08, the plaintiff released Chastain, an employee of Morton Foods. Morton Foods then was granted summary judgment. The court of appeals affirmed, holding "that the Knutsons' release of the Chastains operated to release the alleged employer, Morton Foods, from any liability under *respondeat superior." Id.* at 806. In reversing, the Supreme Court addressed Morton Foods' circularity argument:

> Morton Foods also argues that the release of the Chastains by the Knutsons will be undermined unless it operates to release the employer. Enforcement of the release, as written, will encourage a circuity of action. Morton Foods concludes that the only way to avoid a circuitous course of action is to prevent the trial of this case on its merits.

The Chastains may, as argued, be subjected to an indemnity suit by Morton Foods. It is true that the Chastains are not completely protected from all liability arising out of the accident. Moreover the Knutsons, under their agreement to indemnify the Chastains up to $10,000, may have to return that sum to the Chastains. Morton Foods says, therefore, that this suit by the Knutsons, a subsequent claim for indemnity by Morton Foods against Chastain, and the Chastains' claim for indemnity up to $10,000 against the Knutsons, presents an undesirable circuity of action and undermines the original settlement if Knutson has to give back the $10,000.

. . . .

Morton Foods, who was not a party to the settlement agreement, is the only one who does not want to give it the force expressed in the document, but it is no more prejudiced by the settlement than if none had been made. Morton Foods has actually been benefitted since the partial settlement made by the Chastains to the plaintiffs reduces Morton Foods' liability. We see no reason why we should be more concerned with the potential problems that the Knutsons and Chastains may encounter as a result of this settlement than they were at the time they executed the release.

*Id.* at 807–08. Admittedly, the instant case differs from *Knutson* because Christiansen has indemnified Crosby for *all* of his potential liability. However, this distinction does not undermine *Knutson*'s fundamental point: an agreement between the employee and plaintiff is none of the employer's business. Johnston seeks to enforce the agreement between Crosby and Christiansen. However, Johnston cannot enforce the agreement because Johnston is not an intended third-party beneficiary of the release. *Dorsett Bros. Concrete Supply, Inc. v. Safeco Title Ins. Co.*, 880 S.W.2d 417, 421 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (describing when a third party may enforce a contract).

■ Additionally, Johnston's right to indemnity by Crosby should not be determined in a suit between Johnston and Christiansen. The proper vehicle for such a determination would be a cross-claim by Johnston against Crosby or a separate suit by Johnston against Crosby. Circular indemnity cannot prevent a judgment because the right to indemnity does not arise until the judgment is rendered or paid. *Bayoud v. Bayoud*, 797 S.W.2d 304, 317 (Tex.App.-Dallas 1990, writ denied).

Johnston's points of error are denied. The judgment is affirmed.

### OPINION ON MOTION FOR REHEARING

The motion for rehearing filed by the appellant, Johnston Investments, Inc., d/b/a Oak Manor Apartments ("Johnston") asserts that we did not address a point of error. All arguments made in the brief and motion for rehearing were addressed, but we infer from the motion that Johnston now contends that the third point of error puts forth this argument: (1) the release indemnifies Crosby (Johnston's employee) and all in privity with him; (2) Johnston is in privity with Crosby; (3) therefore, the release indemnifies Johnston and bars recovery from Johnston. This argument fails because "in privity with" does not sufficiently identify Johnston. The motion for rehearing is overruled.