Bennie L. LINDAMOOD and N. V. Lindamood, Plaintiffs,

First Employees Insurance Co., Intervenor,

v.

LINK–BELT CORPORATION and FMC Corporation, Defendants.

Civ. A. No. 3–78–1353–H.

United States District Court, N. D. Texas, Dallas Division.

June 24, 1981.

Windle Turley, James W. Mills, III, Dallas, Tex., for plaintiffs.

Webber W. Beall, Jr., Touchstone, Bernays, Johnston, Bernays & Johnston, Dallas, Tex., for intervenor.

Gerald W. Benson, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendants.

ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiffs' attorney's Motion for an Award of

---

**20.** *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

Attorney's Fees, filed June 11, 1981. A settlement has been reached between the Plaintiffs and Defendants in this case, as well as between Intervenor First Employees Insurance Company and Defendants. The only impediment to the final consummation of the settlement and entry of an order of dismissal in this action is the resolution of the question raised by this motion, to-wit: whether Plaintiffs Lindamoods' attorney is entitled, pursuant to article 8307, section 6a of the Texas Worker's Compensation and Crime Victims' Compensation Law, to receive a portion of the Intervenor compensation carrier's recovery under the settlement agreement.

Under the 1973 amendments to the workers' compensation statute, when a worker elects to proceed against a third-party tort feasor who is legally liable to pay damages for his injuries, the employee does not waive his statutory rights to compensation, but the compensation carrier is subrogated to the rights of the injured claimant to the extent of the amount paid under its policy. In the case at bar, Lindamood recovered $71,160.66 from the Intervenor, First Employees. In seeking to recover one-third of this subrogated amount flowing to First Employees under the settlement agreement, counsel for Lindamood relies on the following alternative provisions of the statute:

> ... when the claimant is represented by an attorney, and the *association's interest is not actively represented by an attorney*, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓%) payable out of the association's part of the recovery.

> \*    \*    \*    \*    \*    \*

> If the association obtains an attorney to actively represent its interest and *if the attorney actively participates in obtaining a recovery*, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33⅓%) of the subrogated interest.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon 1973).

The Court has considered the motion, the briefs filed by counsel for both parties, the statute and the few cases that have construed it, and is of the opinion that the motion should be denied.

In making the following findings, the Court relies on the pleadings and entire record in this case, as well as the obligations imposed on counsel by Federal Rule of Civil Procedure 11 and Local Rule 2.1(f) in connection with the descriptions of the services rendered by the respective lawyers, which are itemized in the briefs and exhibits submitted on this motion.

In the first instance, the Court finds that the interest of the Intervenor First Employees was actively represented by its attorneys at all material times. *Compare International Insurance Co. v. Burnett and Ahders, Associated*, 601 S.W.2d 199 (Tex.Civ. App.—El Paso 1980, writ ref'd n. r. e.); *Lee v. Westchester Fire Insurance Co.*, 534 S.W.2d 392 (Tex.Civ.App.—Amarillo 1976, no writ). Thus, only the second cited provision of the statute has application to this case.

Further, the Court finds that Intervenor's counsel actively represented the Intervenor to the full extent necessary to protect its subrogation interest and actively participated in obtaining a recovery. In making this finding, the Court notes that the Intervenor's counsel at the minimum took the following action on its client's behalf:

1.  Reviewed the compensation file;
2.  Prepared and filed Motion to Intervene as Plaintiff;
3.  Prepared and filed Complaint in Intervention;

4. Prepared and filed Brief in Support of Intervention;

5. Prepared and filed Answers to Interrogatories directed by Defendants to Intervenor;

6. Prepared and filed Intervenor's Response to Defendants' Motion to Compel;

7. Arranged for inspection of allegedly defective crane;

8. Compiled detailed summary of claimant's medical and rehabilitation expenses;

9. Consulted attorneys for Plaintiffs in connection with Plaintiffs' production of documents and answers to interrogatories;

10. Arranged for the taking of five depositions at the office of Intervenor's attorneys, and prepared these witnesses for the taking of their depositions. In addition, Intervenor's attorney attended two other depositions which were taken by Plaintiffs' attorney. The only depositions taken by Plaintiffs' lawyers at which Intervenor was not represented were four depositions taken in Chicago and two others for which less than two days advance notice was given to Intervenor's attorneys;

11. Reviewed or wrote in excess of one hundred fifty letters in correspondence file;

12. Incurred expenses of litigation on behalf of Intervenor; and

13. Independently negotiated a settlement agreement with Defendants' attorneys for the payment in full of Intervenor's subrogation interest.

*Cf. Burnett and Ahders, supra,* 601 S.W.2d at 202; *Lee, supra,* 534 S.W.2d at 395–96 (detailing amount of work performed by attorney for insurance carrier under circumstances where plaintiff is denied allocation of carrier's recovery).

In considering "the benefit accruing to the [insurer] as a result of each attorney's service," as the statute directs, the Court notes that the interest of Plaintiffs and Intervenor did not always coincide during the course of this litigation, but at times appeared to be adverse to one another. In its brief, counsel for Intervenor asserts that in the early stages of settlement negotiations, Plaintiffs' attorneys proposed a settlement with Defendants whereby the Intervenor would recover only one-half of its subrogated interest in settlement. Intervenor's attorney refused to accept this settlement and independently negotiated an agreement with Defendants for the full satisfaction of the subrogation claim. These assertions are not controverted by Plaintiffs' attorney in its response to Intervenor's brief. The Court finds that the benefits accruing to the insurance carrier resulted entirely from the services provided by its own counsel, and in this case, at least, the Court has no qualms about saying that the carrier did not receive a "free ride" from the Plaintiffs' efforts in preparation for trial.

Plaintiffs' attorney is not entitled to any portion of Intervenor's recovery under the settlement, and the Court directs that the settlement papers be drawn accordingly and filed with the Court no later than 5:00 P.M., *July 6, 1981.*

Plaintiffs' attorney's Motion is DENIED.

SO ORDERED.