**Gordon E. BRIDGES, Individually and as Next Friend of Duane Alan Bridges and Marcia Ann Bridges, Minors, Appellants,**

v.

**TEXAS A & M UNIVERSITY SYSTEM, Appellee.**

No. A14–89–850–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1990.

Edward J. Hennessy, Randall D. Wilkins, Houston, for appellants.

Lynette Phillips, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is a Workers' Compensation case in which the trial court granted summary judgment in favor of appellee, Texas A & M University System (the University). In four points of error appellants Gordon Bridges and his minor children, Duane Alan and Marcia Ann, assert that the trial court erred in granting the summary judgment. For the reasons discussed below, we reverse the lower court's judgment and remand the case for trial on the merits.

On August 29, 1985, Diane Margaret Bridges suffered fatal injuries in an automobile accident while acting in the course and scope of her employment with Texas A & M University System. The deceased's survivors included her husband, Gordon E. Bridges, two minor children, Duane Alan and Marcia Ann, and an adult son, Michael

Alan. On December 4, 1985, these four surviving family members filed suit against Julie Smith, the driver of the auto which struck the decedent, and on February 20, 1986, the parties settled the case for the $25,000 policy limit on Smith's liability insurance. After the family's attorney deducted approximately one third of the gross proceeds for attorney's fees, the Bridges received a net recovery of $16,517.66.

Subsequent to the Smith settlement, appellants notified the Texas Industrial Accident Board of Diane Bridges' death on July 18, 1986. Texas A & M University is a self-insured institution and therefore voluntarily subjects itself to Texas Workers' Compensation laws. *See* TEX.REV.CIV.STAT. ANN. art. 8309b § 7 (Vernon Supp.1990). On July 8th of 1987 the Board entered its award granting appellants $203 weekly, half of the sum to be distributed to Gordon Bridges until his death or remarriage, the other half to be shared between the two minor children until they reached eighteen years of age, continuing beyond their eighteenth birthdays if they maintained enrollment as full-time students in an accredited educational institution. Once a child becomes ineligible to receive his portion of the benefits, future payments would be distributed to the remaining child alone. In the event of his remarriage, Bridges would receive a final payoff equivalent to two years' compensation. The Board awarded a lump sum of $2,500 for funeral expenses, and Michael Alan, the adult son, received no recovery. The Board's judgment became final on August 13, 1987.

The University failed to make payments to appellants in compliance with the Accident Board's award, and the Bridges initiated this suit in September of 1987 to "mature" the Accident Board award and to require the University to pay the benefits stipulated in the Board's order. On May 11, 1988, the trial court granted the University's motion to deposit funds owed to appellants which had accrued pending the outcome of appellants' suit into the registry of the court. This first payment by the University consisted only of approximately $1,856, with additional checks to supplement the sum as subsequent payments to appellants became due.

In October of 1988 the trial court granted in part appellee's first motion for summary judgment, crediting the gross amount of the Bridges' $25,000 third-party recovery against any Workers' Compensation benefits owing to appellants in the past or future. On January 16, 1989, the court granted the appellee's second motion for summary judgment and dismissed the appellants' cause. Appellants subsequently perfected this appeal.

In their first two points of error appellants assert that the trial court erred in granting the summary judgment because the University did not conclusively prove that it was entitled to the full amount of the credit. We agree.

Appellants do not dispute that appellee is entitled to a set-off from the appellants' Workers' Compensation benefits equivalent to a portion of the Smith recovery. In order to determine the set-off amount, however, the trial court should have resolved two issues which the court failed to address: (1) Is the University entitled to a credit for that portion of the settlement retained by the Bridges' attorney to cover his fees in the case? (2) Since the Smith settlement included and was distributed to four members of the Bridges family, and the Industrial Accident Board granted benefits to only three members, is the University entitled to a credit for the full amount of the Smith recovery? After examining these issues, we conclude that the credit improperly included both the adult son's share of the settlement as well that portion of the settlement expended for attorney's fees. Since these fact issues were not addressed and remain unresolved, summary judgment was improper.

■ Under TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1990), if an injured party is eligible for compensation under Workers' Compensation law but was injured by a third-party, the employee may seek recovery against that individual without waiving his rights to workers' benefits. *Id.* at (a). Further, in the event that the

claimant should obtain a judgment against the third-party, that judgment does not constitute an election; instead, the recovery will be used *first* to pay costs and attorney's fees *and then* to reimburse the Workers' Compensation association for up to the full amount owed the claimant. *Id.* From this language it is clear that a claimant's attorney's fees are not to be included in the Workers' Compensation set-off, as reimbursement is required only after the fees are deducted.

Article 8307, section 6a, further states that the *net* amount recovered by the beneficiary from the third-party action will be used to reimburse the association for past and future benefits and medical expenses paid. *Id.* at (c). The Austin Court of Appeals has defined "net" as free from charges or deductions. *Holley v. Hooper,* 205 S.W.2d 120, 122 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.) (citations omitted). The "net" amount of a recovery is therefore obtained after deducting all expenses necessary for achieving the settlement or judgment. *Id.* The explicit language of article 8307, section 6a, dictates that the carrier will be reimbursed for the *net* amount recovered from the third-party action, and clearly attorney's fees and court costs would be expenses incurred by the claimant in obtaining his third-party settlement and would not be included in calculating the credit.

Appellee complains that it would be patently unfair to withhold attorney's fees from the University's subrogation interest since appellants never informed the University of their third-party action and subsequent settlement; however, appellee fails to explain why this action would be so grossly unfair, nor does the University disclose what steps it could have taken to improve its position had it been notified of the Smith proceedings. Appellee cites *Prewitt and Sampson v. City of Dallas,* 713 S.W.2d 720, 723 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), to note that the intent of the legislature in enacting article 8307, section 6a, was to compensate attorneys for work they performed and "to prohibit the carrier from obtaining a 'free ride' from the efforts of the claimant's attor-

ney." We agree with this sound reasoning. After noting this background, however, appellee obliquely suggests that an effortless $25,000 reduction in its obligation to appellants resulting *solely* from appellants' labors in pursuing the third-party action is not a "free ride." We cannot agree with appellee's logic. In demanding reimbursement for the gross amount of the settlement, we find that appellee is seeking not only a "free ride," but is also demanding complete title to the "vehicle" which generated the settlement in the first place.

Appellee cites a number of cases in an effort to confirm its right to subrogate the entire $25,000; however, these cases fail to support appellee's position and are readily distinguishable from the case before us. In *University of Texas System v. Melchor,* 696 S.W.2d 406, 407 (Tex.App.—Houston [14th Dist.] 1985, no writ), not only did the subrogation attorney participate in the suit, but the award in the third-party action exceeded Workers' Compensation benefits. Thus, in *Melchor* the issue was the distribution of the awarded attorney's fees above and beyond the recovery which the claimant received for her injuries, and this in no way applies to the case before us. In *Traders & General Insurance Co. v. West Texas Utilities Co.,* 140 Tex. 57, 165 S.W.2d 713, 715–16 (1942), the third-party suit was pursued following the Workers' Compensation settlement, and the court never addressed the issue of off-setting attorney's fees.

Appellee also cites our decision in *Vanguard Insurance Co. v. Humphrey,* 729 S.W.2d 344, 348 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), to support the proposition that it is within the discretion of the trial court to award attorney's fees. However, in *Vanguard* we considered only the award of attorney's fees for actual services in the *Vanguard* litigation. *Id.* at 346. There the carrier was charged with the claimant's legal expenses in pursuing his cause. *Id.* In the case before us the trial court did not address either party's right to receive attorney's fees for services in this litigation, but considered only the right to a set-off resulting from a previous

action. Since the judge's discretion in awarding or denying attorney's fees is not at issue in this summary judgment, *Vanguard* offers no support for the trial court's conclusions.

Similarly, in *Lindamood v. Link–Belt Corporation*, 517 F.Supp. 426, 427 (N.D. Tex.1981), the Dallas Federal District Court grappled with the claimant attorney's right to receive a portion of the attorney's fees awarded the intervening insurance company in a third-party action. The court refused to award any fees to claimant's attorney, and the issue of subrogation was never addressed, making this case inapplicable to the cause before us. *Id.*

■ The trial court in the instant case also failed to note that the action against Smith was initiated by both appellants *and* the adult son, Michael Alan, who is not a beneficiary under the Workers' Compensation claim. We do not know how the Smith recovery was apportioned among the recipients, but if it were distributed evenly among the four family members, appellants would have received only $18,750, or less than $12,400 after the deduction of attorney's fees. Obviously, appellee is not entitled to a credit greater than the recovery which appellants received. The percentage of the settlement attributable to appellants is clearly a fact issue which the trial court should have determined.

■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). It is evident that if appellants have their Workers' Compensation benefits reduced by $25,000 after having only received a net third-party recovery of between twelve and seventeen thousand dollars, they would have been better off had they not advanced their action against Smith and instead demanded that the University pay full, unreduced benefits. Clearly, the trial court's granting the University the full $25,000 credit was inequitable as well as improper. Since the University has failed to show the actual amount of credit to which it is entitled, fact issues remain

unresolved and summary judgment was therefore inappropriate. As a result, we sustain appellants' first and second points.

■ In their action appellants also sought damages from the University for unfair settlement practices under Article 21.21 of the Texas Insurance Code and the Deceptive Trade Practices Act. In their third point of error appellants claim that the trial court erred in failing to grant relief under these Acts because the Texas legislature has waived sovereign immunity with respect to such claims by defining the term "person" in Article 21.21 in such a manner as to include all legal entities engaged in the business of insurance. We disagree.

Although the Insurance Code states that any legal entity engaged in the business of insurance is a "person" for the purposes of the code, *see* TEX.INS.CODE ANN. art. 21.21, § 2(a) (Vernon 1981), there is no reference in the article to the State, nor does the article specify its application to State agencies. The Texas Supreme Court has held that the State is not liable for its torts in the absence of a constitutional or statutory provision, that State universities share this immunity, and that waiver of the immunity is a matter for the State legislature. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). The State legislature did not waive governmental immunity in tort suits by State employees when it granted governmental units that carries Workers' Compensation insurance (or simply accepts Workers' Compensation laws) the privileges and immunities allowed private individuals and corporations. *Lyons v. Texas A & M Univ.*, 545 S.W.2d 56, 59 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *see also* TEX.CIV.PRAC. & REM.CODE ANN. § 101.028 (Vernon 1986). Rather, the State has retained immunity and merely provided an alternative remedy through Workers' Compensation. *Lyons*, 545 S.W.2d at 59; *see also Duhart v. State*, 610 S.W.2d 740, 743 (Tex.1980). Since appellants have failed to provide legal support that the State has waived its immunity to any of appellants' causes of action except that action established through Workers'

Compensation, we overrule appellants' third point.

■ In their final point of error appellants claim that the trial court erred in granting a take nothing judgment against the appellants. According to the appellants, even if they were not entitled to mature the award of the Industrial Accident Board, the proper remedy was dismissal of the claim without prejudice to the beneficiaries' right to seek enforcement of future payments should appellee fail to timely make those payments. We agree. There is no proof that the University has fulfilled its obligations toward appellants, and clearly this judgment should not be permitted to bar subsequent litigation if the University should again fail to perform its responsibilities in the future. We therefore sustain appellants' final point as well.

In sustaining appellants' points one, two, and four we find it necessary to reverse the trial court's judgment and remand the case for trial on the merits.