Leonard SPARKS, III, Appellant,

v.

**TEXAS SOUTHERN UNIVERSITY,**
**Appellee.**

No. 01–91–00705–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 13, 1992.

Reginald E. McKamie, Sr., Houston, for appellant.

Dan Morales, Will Pryor, Mary F. Keller, Nelly R. Herrera, Houston, for appellee.

Before TREVATHAN, C.J., and DUNN and COHEN, JJ.

### OPINION

DUNN, Justice.

Leonard Sparks, III appeals from the grant of summary judgment in favor of Texas Southern University (TSU).

On April 4, 1990, Sparks, a visitor on the TSU campus, parked his vehicle in a parking lot designated for the faculty and staff of TSU. After attending an event on the

TSU campus, Sparks returned to the TSU parking lot and noticed that his vehicle was not in the parking space he had previously parked it. Employees of TSU informed Sparks that his vehicle had been towed to the TSU impounding lot because he had parked in a parking lot designated for faculty and staff. Sparks paid TSU $65 for the towing expense and got his car.

Sparks then brought suit, in Justice Court, Precinct One, Place One, of Harris County, against TSU and the company that towed his vehicle. Sparks alleged that TSU and the towing company violated TEX. REV.CIV.STAT.ANN. art. 6701g–2 (Vernon Supp.1992), by towing his vehicle when no signs were present that specified the persons allowed to park in the lot and prohibiting all others, and that were readable from all entrances to the parking lot. A jury rendered a verdict in favor of Sparks in the amount of $1495. TSU appealed to the County Civil Court at Law Number One in trial de novo proceedings.

TSU filed a motion for summary judgment, alleging that TSU, as a governmental entity of the state of Texas, was immune from Sparks' suit under the doctrine of sovereign immunity. On July 1, 1991, the trial court granted the summary judgment Sparks now appeals from.

In his sole point of error, Sparks asserts the trial court committed reversible error in granting TSU's motion for summary judgment. Specifically, Sparks contends that article 6701g–2 creates a waiver of TSU's governmental immunity from suit.

Sparks admits that TSU is a political subdivision of the state of Texas; and, as a political subdivision of the state, enjoys the state's governmental immunity from suit. Sparks asserts article 6701g–2 provides for the waiver of TSU's immunity from suit.

Sparks offers these five reasons for his assertion that article 6701g–2 waives TSU's immunity from suit: 1) the definition of a "parking facility" includes any *public* property used for restricted parking of vehicles; 2) "schools" are specifically referred to in the definition of "parking facility;" 3) "parking facility owner" is defined as *any* operator or owner of a parking facility; 4)

the definition of "towing company" specifically excludes cities, counties, or other political subdivisions of the state; whereas, the definition of parking facility owner does not expressly exclude political subdivisions of the state; and 5) the legislative history of article 6701g–2 indicates that the vice-president of All–Right Auto Parks, Inc. testified that the Texas League of Municipalities approved of the use of the word "public" in the definition of "parking facility."

■ When reviewing the granting of a motion for summary judgment, an appellate court must take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988). Summary judgment is proper for a defendant if the defendant conclusively establishes all elements of his affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984).

Article 6701g–2, section 2 provides:

(a) A parking facility owner may, without the consent of the owner or operator of an unauthorized vehicle, cause such vehicle to be removed and stored at the expense of the owner or operator of the vehicle, if any of the following occurs:

(i) a sign or signs, specifying those persons who may park in the parking facility and prohibiting all others, are placed so that they are readable day or night from all entrances to the parking facility;

(ii) the owner or operator of the unauthorized vehicle has actually received notice from the parking facility owner that the vehicle will be towed away if it is not removed; or

(iii) the unauthorized vehicle is obstructing an entrance, exit, fire lane, or aisle of the parking facility.

(b) Otherwise, a parking facility owner may not have an unauthorized vehicle removed except under the direction of a

peace officer or the owner or operator of such vehicle.

Tex.Rev.Civ.Stat.Ann. art. 6701g–2, § 2 (Vernon Supp.1992)

Section 7 of article 6701g–2 provides that any towing company or parking facility owner who violates article 6701g–2 will be liable to the owner or operator of the vehicle for damages.

Article 6701g–2, section 1(a), defines "parking facility" as:

> any public or private property used, in whole or in part, for restricted and/or paid parking of vehicles. "Parking facility" includes but is not limited to commercial parking lots, parking garages, and parking areas serving or adjacent to businesses, churches, schools, homes, and apartment complexes. "Parking facility" also includes a restricted portion or portions of an otherwise unrestricted parking facility.

Tex.Rev.Civ.Stat.Ann. art. 6701g–2, § 1(a) (Vernon Supp.1992). "Parking facility owner" is defined as any operator or owner of a parking facility. Tex.Rev.Civ.Stat. Ann. art. 6701g–2, § 1(b) (Vernon Supp. 1992).

Section 1(d) defines "towing company" as:

> any individual, corporation, partnership, or association engaged in the business of towing vehicles on a public highway for compensation or with the expectation of compensation for the towing, storage, or repair of vehicles. The term "towing company" includes the owner, operator, employee, or agent of a towing company, but does not include cities, counties, or other political subdivisions of the state.

Tex.Rev.Civ.Stat.Ann. art. 6701g–2, § 1(d) (Vernon Supp.1992).

■ For the legislature to waive the state's sovereign immunity, it must do so by clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980). "Absent an explicit and unequivocal grant of a right or privilege by the State, any ambiguity or obscurity in the terms of a statute must operate in favor of the State." *City of Corpus Christi v. Acme Mechanical Contractors, Inc.*, 736 S.W.2d 894, 906 (Tex.App.—Corpus Christi 1987, writ denied).

■ We hold that the state did not waive, in article 6701g–2, TSU's immunity from suit. The clear and unambiguous language of article 6701g–2 does not provide for the waiver of TSU's immunity. There is no explicit and unequivocal grant of a right to sue the state or TSU for violating article 6701g–2. An example of a clear, explicit, unequivocal, and unambiguous provision for the waiver of immunity from suit is Tex.Civ.Prac. & Rem.Code Ann. § 101.025 (Vernon 1986). Section 101.025 provides:

> (a) Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.
>
> (b) A person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter.

Article 6701g–2 contains no language similar to that found in section 101.025.

■ Sparks contends we should imply, from the use of the words "public" and "school" in the definition of "parking facility," that the legislature intended to waive the state's and TSU's immunity from suit. In the waiver of sovereign immunity, however, we must look for clear, explicit, unambiguous, and unequivocal language in article 6701g–2 that the state has waived TSU's immunity from suit. We may not imply a waiver of sovereign immunity from suit. *Duhart*, 610 S.W.2d at 742. The fact that a parking facility may be public property and may be a parking area that serves or is adjacent to a school is not clear, explicit, unambiguous, and unequivocal language waiving the state's or TSU's immunity from suit.

Sparks also asserts that, because "parking facility owner" is defined as *any* operator or owner of a parking facility, the legislature waived the state's and TSU's immunity from suit. He also submits that, because the definition of "towing company" specifically excludes subdivisions of the state and the definition of parking facility owner does not specifically exclude political subdivisions of the state, the legislature

intended to waive TSU's immunity from suit.

In *Bridges v. Texas A & M University System*, 790 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1990, no writ), the appellant claimed the legislature waived Texas A & M University's immunity from suit under the Texas Insurance Code and Deceptive Trade Practices Act because article 21.21 of the Insurance Code defined "person" as *any* legal entity engaged in the business of insurance. The court held that this broad definition of "person" did not constitute a waiver of the university's immunity from suit because there was no reference in article 21.21 to the state, and the article did not specify its application to state agencies. *Id.*

This case is analogous to the *Bridges* case. The use of the word "any" in the definition of "parking facility owner" does not constitute clear, explicit, and unambiguous language that the legislature intended to waive TSU's immunity. The exclusion of political subdivisions of the state from the definition of "towing company" does not evidence an intent that the state and its political subdivisions waived the state's sovereign immunity and consented to be sued as parking facility owners. In the definition of "parking facility owner," article 6701g-2 does not specify its application to the state or any of the state's political subdivisions. There is no mention of the state or its political subdivisions in the definition of "parking facility owner." The only mention, in article 6701g-2, of the state's political subdivisions is in the definition of towing company.

Sparks contends the state waived TSU's immunity because the vice-president of All-Right Auto Parks, Inc. testified that the Texas League of Municipalities approved the use of the word "public" in the definition of "parking facility." Even if the Texas League of Municipalities approved the use of the word "public," this approval does not mean the legislature intended to waive TSU's immunity. The Texas Legislature is a different body than that of the Texas League of Municipalities. Also, this approval does not constitute clear, explicit, and unambiguous language that the state waived TSU's immunity.

TSU conclusively established all the elements of its affirmative defense of sovereign immunity from suit as a matter of law. Therefore, the trial court did not commit error in granting TSU's motion for summary judgment.

Sparks' sole point of error is overruled.

The judgment is affirmed.