ACCEPTED
13-14-00670-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/8/2015 10:15:09 AM
DORIAN RAMIREZ
CLERK

IN THE
COURT OF APPEALS
FOR THE
THIRTEENTH DISTRICT OF TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/8/2015 10:15:09 AM
DORIAN E. RAMIREZ
Clerk

13-14-00670-CV

_____

TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL,

Appellant,

v.

LLOYD K. ALDRIDGE,

Appellee.

_____

BRIEF OF APPELLEE, LLOYD K. ALDRIDGE

_____

ON APPEAL FROM THE 23RD DISTRICT COURT, WHARTON COUNTY, TEXAS
CAUSE NO. 47,299
HONORABLE BEN HARDIN

_____

Kurt Arbuckle
Texas Bar No. 01284500
Kurt Arbuckle, P.C.
2121 Sage Road, Suite 100
Houston, Texas 77056
(713) 961-5353
(713) 961-5236 Fax
kurt@kurtarbuckle.com
Attorney for Appellee,
Lloyd K. Aldridge

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **i**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.     IF MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
          ("TMLIRP") WERE ENTITLED TO IMMUNITY, IT HAS
          WAIVED IT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.     TMLIRP IS NOT ENTITLED TO IMMUNITY, AS IT IS NOT
          AN INTERGOVERNMENTAL RISK POOL OR FUND . . . . . . . . . . . . . . . 7

      C.     JUSTICIABLE CONTROVERSY AND THE PROPER ALLOCATION OF
          SETTLEMENT OR RECOVERY ARE MATTERS NOT REVIEWABLE IN AN
          INTERLOCUTORY APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Bridges v . Texas A & M University System*, 790 S.W.2d, 831, 833 (Tex. App. – Houston (14th Dist.) 1990, no writ) ...................................................................................................... 10

*City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 684 (Tex. App. – Waco 1980, no writ) ................................................................................................... 11

*Illinois Nat. Ins. Co. v. Perez,* 794 S.W.2d 373, 377 (Tex. App. – Corpus Christi 1990, writ denied) ......................................................................................................... 10, 11

*Insurance Co. of N. Am. v. Wright*, 886 S.W.2d 337, 344 (Tex. App. – Houston [1[st] Dist.] 1994, writ denied) .................................................................................................. 10

*Kinnear v. Texas Commission on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000) ...................... 5

*Lumbermens Mutual Casualty Company v. Peggy Janette Parrent*, No. .................................... 12

*New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 203 (Tex. App. – Dallas 1994, no writ) .............................................................................. 10

*Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, (Tex. 2000) ........................ 6

*Texas A & M University System, 790 S.W.2d 831, 833 (Tex. App. - Houston [14[th] Dist.] 1990, no writ)* ............................................................................................................. 10

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) ............... 5

**Statutes**

Government Code § 2259.031. ..................................................................................... 7

Government Code § 791.011. ...................................................................................... 8

Tex. Lab. Code § 504.016.......................................................................................... 8

Tex. Lab. Code Ann. § 417.002(a) (Vernon 1996)................................................... 10, 11

Tex. Lab. Code Ann. § 417.003 (Vernon 1996) ..................................................... 10, 11

Tex. Lab. Code Ann. § 417.003(c) (Vernon 1996) ..................................................... 11

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested. Oral argument would aid the Court's decision making process by allowing the Court to test the arguments of the parties with immediate feedback.

<u>ISSUES</u>

A.      If Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") were entitled to immunity, it has waived it.

B.      TMLIRP is not entitled to immunity as it is not an intergovernmental risk pool or fund.

C.      Justiciable controversy and the proper allocation of settlement or recovery are matters not reviewable in an interlocutory appeal.

## STATEMENT OF FACTS

Defendant, Lynn Hillyer, has offered to settle for the limits of her Texas automobile insurance coverage in the amount of $30,000.00.  TMLIRP (the workers' compensation carrier) refuses to agree to the lawful distribution of funds to satisfy its subrogation interest, having done nothing to collect those funds, other than send form demands.  Aldridge's counsel has negotiated with the carrier for Hillyer and addressed issues of a prior condition (prior injury to the same shoulder), resulting in an offer to pay policy limits.  Aldridge filed this case to prevent the running of the statute of limitations.  Had Aldridge not done that, any claim would be barred.  CR 62.

## SUMMARY OF ARGUMENT

Aldridge is not seeking a double recovery of attorney's fees. Rather, Aldridge seeks the recovery of attorney's fees for two different tasks. One task was the negotiation of a settlement getting an agreement to receive policy limits for an injury involving a prior injury and surgery to the same body part. The second task was—and is—pursuing recovery of those sums for the compensation carrier by preventing the running of the statute of limitations. Only after all that was accomplished, the compensation carrier filed what it calls a cross claim against the Defendant driver, Lynn Hillyer.

TMLIRP has waived any claim it has to sovereign immunity by filing a claim for affirmative relief. Under well established case law, Aldridge is allowed to seek an amount that lessens the amount TMLIRP would receive from its claim. *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, (Tex. 2000).

TMLIRP is not a legitimate intergovernmental risk pool because it was not created by governmental units, but by a private company that contracts with governmental units. The governmental units also did not create the governing documents of TMLIRP, and the contracts are with that fund, not other governmental units. The pertinent statutory provisions are set out in the ARGUMENT AND AUTHORITIES section of this brief and are in the Appendix to TMLIRP's brief.

4

**A.      If Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") were entitled to immunity, it has waived it.**

TMLIRP has waived sovereign immunity.  TMLIRP has filed a cross-action in this case against the Defendant, Lynn Hillyer, concerning liability.  By filing a request for affirmative relief in this case, seeking its subrogation through a claim for damages, TMLIRP has waived sovereign immunity on a matter intertwined with the case filed originally by Aldridge.

In *Kinnear v. Texas Commission on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000),  the Supreme Court acknowledged that the trial court had jurisdiction over claims against the State in a case where the State had filed suit.  In *Kinnear*, the Texas Commission on Human Rights filed suit against Kinnear, alleging that he had violated the Texas Fair Housing Act.  *Id.* at 299.  Kinnear counterclaimed for attorney's fees as provided by the Act, and when he prevailed, the trial court awarded them.  *Id.* at 300.  In response to the question of whether the trial court had jurisdiction, the Court said that "[b]ecause the Commission initiated [the] proceeding under the Texas Fair Housing Act, and Kinnear claimed attorney's fees as a consequence of that suit, the jurisdictional question in this case was answered when the Commission filed suit."  *Id.*  Later, four concurring justices in a plurality opinion cited *Kinnear* for the proposition that "the State can waive immunity by filing suit."  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).

TMLIRP frames the issues as if Aldridge were seeking damages against TMLIRP.  Aldridge is only asking to decrease the amount that Hillyer must pay to TMLIRP out of settlement funds Hillyer's insurer has offered and Aldridge has accepted.  TMLIRP claims that decrease should not be allowed.  TMLIRP uses what it calls a "cross claim"—that is not what it

is—to claim it is only trying to get money from Hillyer, but in filing that claim, TMLIRP is admitting that it is seeking to cut off money that should be allocated to Aldridge and his attorney. Aldridge seeks a set-off against what TMLIRP would otherwise get, and by filing what it calls a cross claim, TMLIRP has waived sovereign immunity. Aldridge is not asking for TMLIRP to pay damages.

The waiver is occasioned not by how TMLIRP chose to frame the issue or its pleadings, but whether that issue is raised by TMLIRP invoking the judicial process. TMLIRP has not cited any cases that require formal pleadings of a particular kind. In fact, *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, (Tex. 2000), specifically says that form is not what is important. In *Reata*, the Supreme Court said:

> In circumstances such as those now before us, where the governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief, we see no ill befalling the governmental entity or hampering of its governmental functions by allowing adverse parties to assert, as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity. And, our decisions that immunity from suit does not bar claims against the governmental entity if the claims are connected to, germane, to, and defensive to the claims asserted by the entity, in effect, modified that common-law immunity doctrine and, to an extent, abrogated immunity of the entity that filed suit. (citations omitted) *Id.* 376-377.

The Court held:

> Therefore, we hold that the decision by the City of Dallas to file suit for damages encompassed a decision to leave its sphere of immunity from suit for claims against it which are germane to, connected with, and properly defensive to claims the City asserts. Once it asserts affirmative claims for monetary recovery, the City must participate in the litigation process as an ordinary litigant, save for the limitation that the City continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the City's claims. ***Moreover, we see no substantive difference between a decision by the City to file an original suit and the City's decision to file its claim as an intervenor in Southwest's suit.*** Accordingly, when the City files it affirmative claims for relief as an intervenor, the trial court acquired subject-matter

6

jurisdiction over claims made against the City which were connected to, germane to, and properly defensive to the matters on which the City based its claim for damages. (emphasis added) *Id.*

In this case, TMLIRP filed a claim for its subrogation interest. Aldridge's claim for statutory allocation of that sum, by his declaratory judgment action, acts only as a setoff to TMLIRP's claim. Consequently, TMLIRP has waived immunity in this case.

**B.     TMLIRP is not entitled to immunity, as it is not an intergovernmental risk pool or fund.**

The question is not whether intergovernmental risk pools are entitled to immunity. It is whether TMLIRP is an intergovernmental risk pool.

The statutes which allow the establishment of intergovernmental risk pools require that the pools be created by the government entities. The TMLIRP, according to its Bylaws, "was created by action of the Texas Municipal League Board." CR 57. While TMLIRP words its contracts with governments to seem as if they are between governments, those same Bylaws refer to contracts between "the Funds and the [governmental entities]." CR 60. The Texas Municipal League, whose Board created the fund, whose Board created the governing document for the fund, and with whose fund the governmental units contract, is a private entity, not a unit of government.

Excerpts from the statutes that TMLIRP cites as giving it governmental status are:

Government Code:

Sec. 2259.031. ESTABLISHMENT OF FUND. (a) A *governmental unit may establish* a self-insurance fund to protect the governmental unit and its officers, employees, and agents from any insurable risk or hazard. (emphasis added)
*Added by Acts 1999, 76th Leg., Ch. 227, Sec. 5, eff. September 1, 1999.*
*Amended by: Acts 2013, 83rd Leg., R.S., Ch. 428 (S.B. 531), Sec. 1, eff. September 1, 2013.*

7

Sec. 791.011.  CONTRACTING AUTHORITY: TERMS.  (a) *A local government may contract or agree with another local government* or a federally recognized Indian tribe, as listed by the United States secretary of the interior under 25 U.S.C. Section 479a-1, whose reservation is located within the boundaries of this state to perform governmental functions and services in accordance with this chapter.
(b) *A party to an interlocal contract may contract with a:*
*(1) state agency, as that term is defined by Section 771.002; or*
*(2) similar agency of another state.*  (emphasis added)
*Added by Acts 1991, 72nd Leg., Ch. 38, Sec. 1, eff. September 1, 1991.  Amended by Acts 1999, 76th Leg., Ch. 405, Sec. 47, eff. September 1, 1999; Acts 2001, 77th Leg., Ch. 98, Sec. 2, eff. September 1, 2001.*
*Amended by:*
*Acts 2005, 79th Leg., Ch. 257 (H.B. 1562), Sec. 1, eff. May 30, 2005.*
*Acts 2007, 80th Leg., R.S., Ch. 1213 (H.B. 1886), Sec. 12, eff. September 1, 2007.*
*Acts 2011, 82nd Leg., R.S., Ch. 1065 (S.B. 760), Sec. 1.*
*Acts 2013, 83rd Leg. R.S., Ch. 1127 (H.B. 1050), Sec. 1, eff. September 1, 2013.*

Labor Code:

Sec. 504.016. JOINT INSURANCE FUND.  (a) *Two or more political subdivisions* may establish a joint insurance fund as provided by this section.
(b) A political subdivision may pay into the fund its proportionate part as due and may contract for the fund, by and through its directors, to make the payments due under this chapter to employees of the political subdivision.
(c) The fund may be operated under the rules and bylaws *established by the participating political subdivisions*.  (emphasis added)[1]
*Acts 1993, 73rd Leg., Ch. 269, Sec. 1, eff. September 1, 1993.*

Each of these statutes is quite specific that the pools must be established by the governmental units.  And the contracts must be directly with other governmental units.  Also, the governing documents for the funds must be created by the governmental units.  This is not a mere technicality.  If ignored, the language of three different statutory provisions become meaningless.  If any contractor doing business with a governmental unit could award itself sovereign immunity just by pretending to be a contract between governments, it could not only gain immunity to which it is not entitled—thus working against public policy—but also possibly have rights against actual governmental units it would not have otherwise.  It could also avoid

---

[1] 504.016(b) does allow for contracting with the fund, but only through its directors and only for the fund to make payments.  This presupposes that the fund was properly constituted in the first place.

other responsibilities such as insurance regulation. Could Allstate, State Farm, or Farmer's Insurance sell policies to governmental units carefully worded to look like contracts, call themselves a fund, and then get sovereign immunity? Intergovernmental Risk Pools get immunity precisely because they are not established by non-governmental entitites.

TMLIRP was not established by any governmental agencies or units, but was created by the Texas Municipal League, which is not a governmental organization. In fact, TMLIRP may actually be acting illegally as an insurance company, hiding behind a misleading name. However, it is not necessary for the Court to determine whether TMLIRP is entitled to sovereign immunity, as any immunity has been waived.

**C.     Justiciable controversy and the proper allocation of settlement or recovery are matters not reviewable in an interlocutory appeal.**

TMLIRP's arguments concerning Aldridge's declaratory judgment claim do not implicate the claims for sovereign immunity, and the Court of Appeals lacks jurisdiction to hear them in an interlocutory appeal. Only as a matter of caution, Aldridge adds the following:

See the Affidavit of Plaintiff's counsel, Kurt Arbuckle. CR 62-63. Plaintiff was in the course and scope of his employment for Colorado Valley Transit at the time of the collision made the basis of this suit. TMLIRP provides workers' compensation coverage for Colorado Valley Transit. Claim is brought against TMLIRP as a declaratory judgment action. Specifically, Hillyer has offered to settle for policy limits of her Texas automobile insurance coverage in the amount of $30,000.00. TMLIRP refuses to agree to the lawful distribution of funds to satisfy its subrogation interest having done nothing to collect those funds other than send form demands. Plaintiff's counsel has negotiated with the carrier for Hillyer and addressed issues of a prior condition, resulting in an offer to pay policy limits. Further, ***Plaintiff filed this***

9

*case to prevent the running of the statute of limitations*.  Had Plaintiff not done that, TMLIRP would have allowed any claim to be barred.

The issue is the respective rights of the parties to portions of the proceeds of the settlement offer, and a judgment declaring those rights is appropriate.  Sections 37.003 and 37.004, Texas Civil Practice and Remedies Code (2014).

*There is no double recovery of attorney's fees being sought.  Attorney's fees are sought for achieving a settlement, and attorney's fees are sought separately for furthering TMLIRP's interest.*

When the carrier is not represented by an attorney in the third-party action, the claimant's attorney's fees and court costs are to be deducted from the third-party recovery before reimbursing the carrier.  *Insurance Co. of N. Am. v. Wright*, 886 S.W.2d 337, 344 (Tex. App. – Houston [1st Dist.] 1994, writ denied); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 203 (Tex. App. – Dallas 1994, no writ); *Bridges v. Texas A & M Univ. Sys.*, 790 S.W.2d 831, 833-34 (Tex. App. – Houston [14th Dist.] 1990, no writ).

Texas Labor Code Section 417.002 provides that the **net amount** recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits.  In *Bridges v . Texas A & M University System*, 790 S.W.2d, 831, 833 (Tex. App. – Houston (14th Dist.) 1990, no writ) the Court clarified the term "net amount" as the amount recovered by the injured party **after payment of all attorney's fees and expenses incurred by the injured party in obtaining the settlement**.  Tex. Lab. Code Ann. § 417.002(a) (Vernon 1996) (emphasis ours).  The Court stated that the Act further provides that, as compensation for pursuing the third-party action, the employee's attorney may **also** recover fees for services rendered to the carrier. *Id.*  At 851-852; Tex. Lab. Code Ann. § 417.003 (Vernon 1996); *see also Illinois Nat. Ins. Co. v. Perez,* 794

S.W.2d 373, 377 (Tex. App. – Corpus Christi 1990, writ denied) (noting that purpose of awarding attorney's fees is to pay employee's attorney for benefit accruing to carrier as result of attorney's efforts in recovery or settlement of third-party case). "Such fees are payable out of the carrier's subrogation recovery in an amount not to exceed one-third of the insurance carrier's recovery. Tex. Lab. Code Ann. § 417.003(c) (Vernon 1996) (fees apportioned between carrier's attorney and employee's attorney when carrier's attorney "actively represents" carrier and "actively participates" in recovery). Thus, the "net amount recovered" by the employee is the third-party recovery less the employee's attorney's fees. *Id. See* Tex. Lab. Code Ann. §§ 417.002(a), 417.003(c) (Vernon 1996)." *Bridges, 851-852.* And the amount actually due the carrier is reduced further by the efforts of the attorney that result in the carrier's recovery.

According to the Court, "[t]hat is, by statutory design, the "first money" owed to the carrier – the net amount recovered under Section 417.002(a) – is a sum which has been reduced by allowable attorney's fees under Section 417.003. Defining "net amount recovered" in this manner gives meaning to both sections 417.002 and 417.003. *See City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 684 (Tex. App. – Waco 1980, no writ) (when construing statute, one provision will not be given meaning out of harmony or inconsistent with other provisions)." *Id.*

Notably, the working of "net amount" was not changed in the 1989 Act, which has been recodified into the Texas Labor Code. Therefore, the "net amount" to be used to reimburse TMLIRP in this case equals $19,334.86 ($30,000.00 minus one-third attorney's fee of $10,000.00, and $665.14 expenses Aldridge owes his attorney). That amount should be reduced by one-third as attorney's fees for procuring the settlement for TMLIRP, $6,444.95. This leaves $12,889.91 to be paid out of the settlement to TMLIRP and $17,110.09 to be distributed to

11

Plaintiff's attorney.  TMLIRP did nothing to further negotiations, only sending form demand letters.  Because Plaintiff's prior medical was an issue, Plaintiff's attorney put forth effort in obtaining the agreement to settle for policy limits.  *See* also the unpublished opinion *Lumbermens Mutual Casualty Company v. Peggy Janette Parrent*, No. 05-96-01144-CV, (Tex. App. – Dallas 1998) Lexis 2291.  (The **net amount** recovered in the third party action, to which the workers' compensation carrier was entitled, was the amount recovered by the injured worker *after* payment of all attorney's fees and expenses incurred in obtaining the settlement.  The worker's attorney was additionally awarded fees out of that net.)

## CONCLUSION

For the reasons stated herein, the Trial Court's Order Denying TMLIRP's Plea to the Jurisdiction should be AFFIRMED.  Aldridge seeks all other relief to which he may be entitled.

Respectfully submitted,

KURT ARBUCKLE, P.C.


By:\_\_/S/ Kurt Arbuckle_____
      KURT ARBUCKLE
      Texas Bar No. 01284500
      2121 Sage Road, Suite 100
      Houston, Texas  77056
      (713) 961-5353
      (713) 961-5236 Fax
      kurt@kurtarbuckle.com
Attorney for Appellee,
Lloyd K. Aldridge


## CERTIFICATE OF COMPLIANCE

The number of words in this brief, according to Microsoft Word 2007 is 3,509.

/S/ Kurt Arbuckle_____
KURT ARBUCKLE

<u>CERTIFICATE OF SERVICE</u>

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b),(d),(e), I certify that I have served this document on all other parties – which are listed below – on January 8, 2015, as follows:

Jennifer O'Sullivan
Charles "Bo" Joseph
Texas Municipal League Intergovernmental Risk Pool
1821 Rutherford Lane, First Floor
Austin, Texas 78754

/S/ Kurt Arbuckle_____
KURT ARBUCKLE